**BOURNE CO., Plaintiff,**

and

**Velma Mae Overton, Additional Plaintiff on Supplemental Complaint,**

**MPL COMMUNICATIONS, INC., et al., Defendants.**

**No. 79 Civ. 1383 (JES).**

United States District Court, S.D. New York.

Feb. 4, 1988.

See also, 675 F.Supp. 859.

Abeles Clark and Osterberg, New York City, for plaintiffs; Robert C. Osterberg, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

After a bench trial of the above-captioned action, the Court issued an Opinion and Order dated December 22, 1987, 675 F.Supp. 859, ("Opinion") resolving the parties' disputes arising from the copyright renewal rights in a song entitled "Cecilia." Familiarity with that Opinion is assumed. Plaintiff Bourne Company ("Bourne") now seeks an order revising that Opinion as well as reconsideration of plaintiff's claim for damages based upon an alleged conspiracy to deprive Bourne of its "preferred position" under 17 U.S.C. § 304(c) (1982). Bourne also moves for an order pursuant to Fed.R.Civ.P. 59(e) altering or amending the judgment entered by the Clerk.

Essentially, Bourne argues that the Court's Opinion is incorrect in stating that "Bourne admitted at trial that it never attempted to communicate with Ruby to tell her that the deal she made with [defendant] MPL was unenforceable, or made any attempt to better MPL's offer for the rights in 'Cecilia.'" Opinion at 866 (footnote omitted); see Affidavit in Support of Motion for an Order Revising Opinion and for Reconsideration of Conspiracy Claim at § 4. Although Bourne's attorney did concede at trial that Bourne never attempted to better MPL's offer and that Bourne never directly informed Ruby that the MPL deal was unenforceable, see Trial Transcript at 64–65; see also Opinion at 866 n. 13 (quoting Trial Transcript), the Court agrees that the Opinion is incorrect to the extent that it suggests that Bourne made no attempt whatsoever to contact Ruby concerning the renewal rights in "Cecilia." One of Bourne's agents did testify at his deposition that he met with Ruby to discuss the renewal rights and was told that Ruby's agent, defendant Stern, was "handling everything." See Plaintiff's Exhibit ("PX") 68 (Deposition of Michael A. Gould) at 6–8.[1]

■ In any event, this error in no way detracts from the Court's conclusion that there was no factual support for Bourne's claim that defendants MPL and Stern conspired to deprive it of its so-called "preferred position." At best the evidence establishes that Stern made a unilateral decision not to negotiate with Bourne on Ruby's behalf. The record contains no evidence (and indeed, none has been cited to the Court on this motion for reconsideration) that MPL and Stern acted jointly to deprive Bourne of its "preferred position," or that MPL played any part in causing Ruby to refuse to deal with Bourne. In sum, the Court cannot and does not find that Stern's unilateral decision not to negotiate coupled with the MPL–Ruby agreement itself is sufficient to support the conspiracy alleged.

1. Bourne also points out that Ruby was put on notice that the deal she had made with MPL was "of no force or effect"; however, this notice came from the American Society of Composers, Authors & Publishers ("ASCAP") and not from Bourne itself. See PX 25 (letter to Ruby from ASCAP enclosing copy of letter from Bourne's attorney to ASCAP); see also PX 24 (letter from Bourne's attorney to ASCAP stating that the Ruby–MPL agreement is "of no force or effect").

Bourne also moves for an order pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment entered by the Clerk on January 14, 1988. Bourne seeks to amend the judgment to conform to the Court's December 22, 1987 Opinion, which denied defendants' request for a declaratory judgment as well as the Marx defendants' request for an accounting. *Compare* Opinion at 867 *and* Motion for an Order Pursuant to Rule 59(e) Fed.R.Civ.P. at ¶¶ 1–2 *with* Judgment entered January 14, 1988. That application is granted. However, Bourne's application to amend the judgment to include a provision awarding Bourne and Additional Plaintiff Velma Mae Overton costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505 (1982) is denied.

Unlike the old copyright law, the 1976 Copyright Act makes recovery of costs and attorney's fees discretionary with the court. *See* 17 U.S.C. § 505; *see also Encyclopaedia Britannica Educational Corp. v. Crooks*, 558 F.Supp. 1247, 1251 (W.D.N.Y.1983). Given the novelty of the issues involved in this action, and the lack of any bad faith on the part of defendants, the Court declines to award costs or attorney's fees to plaintiff.[2]

### CONCLUSION

To the extent that the Court's Opinion of December 22, 1987 is inconsistent with this Opinion, the December 22, 1987 Opinion is modified and amended *nunc pro tunc* to incorporate this Memorandum Opinion and Order. The parties are directed to prepare an amended judgment incorporating the terms of both the December 22, 1987 Opinion and this Memorandum Opinion and Order on or before February 19, 1988.

It is SO ORDERED.

---

[2]. At a Conference on July 2, 1987, defendant Stern indicated that she would like the Court to consider awarding costs and attorney's fees to her based on Bourne's conspiracy claim. The Court indicated at that time that the issue had not been adequately briefed, but that Stern could raise the issue if she chose to do so after the Court rendered its Opinion. As Stern has not subsequently raised this issue, the Court need not address it.