# Tokyo Tanker Company Limited, Appellant, v Etra Shipping Corporation et al., Respondents.

First Department, January 10, 1989

APPEARANCES OF COUNSEL

*Elmer C. Maddy* of counsel *(Walter H. Lion* with him on the brief; *Maddy, Dalton & Lion,* attorneys), for appellant.

*Glen T. Oxton* of counsel *(Healy & Baillie,* attorneys), for respondents.

## OPINION OF THE COURT

KASSAL, J.

An indemnification agreement will not be read to impose obligations upon the indemnitor which are neither disclosed at the time of its execution nor reasonably within the scope of its terms and the over-all intendment of the parties at the time of its making.

Plaintiff-appellant, Tokyo Tanker Company Limited (Tokyo Tanker), commenced this action by summons and complaint dated November 19, 1986, seeking a declaratory judgment that certain fees and expenses claimed by defendants-respondents, Etra Shipping Corporation, Norop Tankers Corporation, Globtik Tankers London Limited and Globtik Tankers Limited (collectively the Globtik Companies), were not recoverable under the indemnity provisions of an agreement dated October 23, 1985 (the Tanker Agreement) entered into by Tokyo Tanker and the Globtik Companies.

Pursuant to the Tanker Agreement, Tokyo Tanker, a Japanese corporation and the bareboat charterer of the *Globtik London* and the *Globtik Tokyo,* two oceangoing supertankers owned by the Globtik Companies, agreed to act as agent to sell the tankers and to indemnify the Globtik Companies, as well as assume certain costs in connection with the sales, as follows:

"Section 3. SALE OF THE VESSELS * * *

"(c) Tokyo Tanker hereby agrees to indemnify, save and hold harmless each of the Globtik Companies from and against any and all loss, claims, damages or expenses, including commissions of brokers and others and legal fees and disbursements, that any Globtik Company shall sustain or become liable or answerable for, or shall pay, in any way *resulting from, caused by or as a consequence of a Sale or contemplated Sale of a Vessel * * *

"(d) Tokyo Tanker shall pay all costs, fees and expenses incurred by any of the Globtik Companies relating to, in connection with or arising out of any Sale or contemplated

Sale, including without limitation any commissions of brokers and others, legal fees and disbursements, sales, transfer, excise or other taxes or governmental charges, costs and fees relating to the delivery of a Vessel to a Purchaser, costs of preparing and reproducing documents and fees, expenses and advances incurred or made in exercising, protecting or pursuing any rights under any agreement *relating to a Sale or a contemplated Sale"* (emphasis added).

Under a separate, preexisting contract dated September 27, 1985 (the Morgan Agreement), entered into by the Globtik Companies and Morgan Guaranty Trust Company of New York (the bank), a $3 million cash deposit held by the bank as collateral for loans advanced to the Globtik Companies would be released. In return therefor, the Globtik Companies agreed to an increase in the interest rate on their loans and, in addition, to pay the bank a commission on the sales of the two supertankers, if they occurred before 1993.

On November 26, 1985, the *Globtik London* was sold for $7,052,049, and on February 21, 1986, the *Globtik Tokyo* was sold for $7,922,135. Several months later, on September 23, 1986, the Globtik Companies advised Tokyo Tanker that, pursuant to sections 3.1 (c) and (d) of the Tanker Agreement, it was claiming the following sums: $1,312,000 paid by the Globtik Companies to the bank as a fee under the Morgan Agreement,* $69,287 for the legal fees incurred in connection with the negotiation and preparation of the Morgan Agreement, and $7,568 for expenses, including travel to Tokyo, incurred in said legal work.

In addition, the Globtik Companies claimed legal fees and disbursements totaling approximately $26,800 incurred in the actual sale of the supertankers. Tokyo Tanker requested documentation regarding these latter fees. It refused, however, to make payment on any claims arising out of the Morgan Agreement and, on November 19, 1986, commenced this action for a declaration of no liability with respect thereto.

Following the Globtik Companies' motion for summary judgment based upon sections 3.1 (c) and (d) of the Tanker Agreement, Tokyo Tanker cross-moved for partial summary judgment declaring that it had no liability for the fees and expenses incurred under the Morgan Agreement. Special Term determined that Tokyo Tanker had "clearly and unequivocally" assumed liability for the fees and expenses in

---

* This claim was later reduced to $748,074.

dispute and, accordingly, granted the Globtik Companies' motion for summary judgment and denied Tokyo Tanker's motion for partial summary judgment. We reverse. Under the critical language of sections 3.1 (c) and (d) of the Tanker Agreement *(supra)*, Tokyo Tanker agreed to indemnify the Globtik Companies for claims and expenses "resulting from, caused by or as a consequence of a Sale or contemplated Sale of a Vessel", and to pay fees and expenses "arising out of any Sale or contemplated Sale * * * of a Vessel". It is upon these provisions that the Globtik Companies ground their claims for the fees and expenses which they incurred pursuant to the Morgan Agreement. This agreement, which predated the Tanker Agreement and was not made known to Tokyo Tanker at the time it executed the Tanker Agreement, involved the financial restructuring of the Globtik Companies' preexisting debt to Morgan. That Globtik Companies agreed to pay the bank a fee upon the sale of vessels in return for the release of its $3 million collateral account does not bring these obligations within sections 3.1 (c) and (d) of the Tanker Agreement, for "[i]n determining the rights and liabilities of the parties to a contract or bond of indemnity, the instrument must be read in the light of the circumstances surrounding its execution and the purpose which it was designed to accomplish". (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 48.)

Tokyo Tanker was neither aware of, nor involved in, the Globtik Companies' debt to the bank or the fee obligation which the Globtik Companies assumed one month prior to Tokyo Tanker's entering into the Tanker Agreement. As aptly stated in *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.* (107 AD2d 450, 453, *affd* 65 NY2d 1038), "[t]he language of an indemnity provision should be construed so as to encompass only that loss and damage which reasonably appear to have been within the intent of the parties. It should not be extended to include damages which are neither expressly within its terms nor of such character that it is reasonable to infer that they were intended to be covered under the contract".

Significantly, the Morgan Agreement was stamped "strictly confidential", and the Globtik Companies do not refute Tokyo Tanker's assertion that it was never shown a copy. In light of all of these circumstances, the words comprising sections 3.1 (c) and (d) of the Tanker Agreement "may not reasonably be read to place upon [Tokyo Tanker] a burden which [it] did not expressly assume and which it is inconceivable [it] would have

accepted". *(Inman v Binghamton Hous. Auth.,* 3 NY2d 137, 148.)

Accordingly, the order, Supreme Court, New York County (Eugene Nardelli, J.), entered, pursuant to CPLR 9002, on February 22, 1988, in accordance with a decision of said court (Alvin Klein, J.), dated December 8, 1987, which, *inter alia,* granted defendants' motion for summary judgment and denied plaintiff's cross motion for partial summary judgment, should be reversed, on the law, plaintiff's motion for partial summary judgment granted, and a declaration of no liability on plaintiff's part entered with respect to defendants' obligations to the Morgan Guaranty Trust Company of New York and its counsel, Lord, Day & Lord, arising from an agreement dated September 27, 1985 between defendants and said bank, without costs.

KUPFERMAN, J. P., SULLIVAN, ELLERIN and SMITH, JJ., concur.

Order, Supreme Court, New York County, entered on February 22, 1988, unanimously reversed, on the law, without costs and without disbursements, plaintiff's motion for partial summary judgment granted, and a declaration of no liability on plaintiff's part entered with respect to defendants' obligations to the Morgan Guaranty Trust Company of New York and its counsel, Lord, Day & Lord, arising from an agreement dated September 27, 1985 between defendants and said bank.