**BOURNE CO., Plaintiff,**

and

**Velma Mae Overton, Additional Plaintiff On Supplemental Complaint,**

v.

**MPL COMMUNICATIONS, INC. d/b/a Edwin H. Morris & Co., a division thereof, Richard Marx, Kenneth Marx, and Miriam Stern, Defendants.**

**No. 79 Civ. 1383 (JES).**

United States District Court, S.D. New York.

Nov. 20, 1990.

---

**56**

Abeles Clark and Osterberg, New York City, for plaintiff and additional plaintiff on

Supplemental Complaint; Robert Oster-berg, of counsel.

Linden and Deutsch, New York City, for defendants; Frederick Greenman, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

The Marx defendants in the above-captioned action move this Court for partial summary judgment on their claim that the indemnity provision of a Songwriter's Agreement (the "Agreement") does not apply to actions between the parties to the Agreement, but rather is limited to actions involving third parties. For the reasons that follow, the Court concludes that the Marx defendants are not required to indemnify plaintiff for attorneys' fees in this action and the motion is therefore granted.

## BACKGROUND

This action involves competing claims to ownership of the rights and interests arising from the extended renewal term in the copyright of a musical composition entitled "Cecilia." The facts underlying this dispute were discussed in an Opinion and Order by this Court dated December 22, 1987, 675 F.Supp. 859, in which the Court held that plaintiff is the owner of the copyright during the extended renewal term and is entitled to all royalties flowing from that term. See 675 F.Supp. at 863–864.[1] It is undisputed, however, that the Marx defendants are entitled to the author's share of royalties for the first two terms of the copyright in the amount of $5,845.79.[2] The only remaining issue in this case, therefore, is whether the indemnity provision of the Agreement allows plaintiff to set off against payment of these royalties the attorneys' fees it reasonably incurred in the prosecution of the underlying action.[3]

1. The Court also issued a supplemental opinion dated February 4, 1988 modifying the December 22, 1987 Opinion, 678 F.Supp. 70. Familiarity with both of these opinions is assumed.

2. It is also undisputed that the total amount of legal expenses reasonably incurred by plaintiff is $42,160.87.

3. The indemnity provision of the Agreement reads as follows:

The COMPOSER hereby authorizes the PUBLISHER at its absolute discretion and at the COMPOSER'S sole expense to employ attorneys and to institute or defend any action or proceedings and to take any other steps proper to protect the right, title and interest of the

## DISCUSSION

 Under the general rule in New York, attorneys' fees are incidents of litigation and a prevailing party may not collect them from the losing party unless such an award is authorized by agreement between the parties, statute or court rule. *See In re A. G. Ship Maintenance Corp. v. Lezak*, 69 N.Y.2d 1, 503 N.E.2d 681, 511 N.Y.S.2d 216 (1986); *Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12, 389 N.E.2d 1080, 416 N.Y.S.2d 559 (1979). Pursuant to the Agreement in this case, the Marx defendants are required to indemnify plaintiff for having to "institute or defend any action or proceedings and to take any other steps proper to protect the right, title and interest of the [plaintiff]" in the composition entitled "Cecilia." The issue before the Court is whether that language should be construed to refer only to attorneys' fees incurred by plaintiff in actions involving third parties and not to those incurred in litigation between the parties to the Agreement itself.

The New York Court of Appeals was confronted with the identical issue in the case of *Hooper Assoc., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 548 N.E.2d 903, 549 N.Y.S.2d 365 (1989). The contract in *Hooper* obligated the defendant to "indemnify and hold harmless [plaintiff] ... from any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees" arising out of breach of warranty claims, the performance of services, and infringement of patents, copyrights or trademarks. *Hooper*, 74 N.Y.2d at 492, 548 N.E.2d at 905, 549 N.Y.S.2d at 367. The *Hooper* court followed the well-established rule that parties are responsible for their own attorneys' fees and concluded

that courts "should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise." *Id.* Since the language in the contract in *Hooper* did not clearly contemplate indemnification for suits between the parties, but rather contemplated reimbursement when the indemnitee is required to pay damages on a third-party claim, the court declined to require indemnification for counsel fees in that case. *Id.*

The holding in *Hooper* requires a similar result here. The Agreement at issue requires indemnification of plaintiff when plaintiff must take steps to protect its right, title and interest in the composition and allows plaintiff to "dispose of any matter, claim, action or proceeding." This language, as in *Hooper*, is typical of the type which contemplates indemnification for third-party claims.

Plaintiff argues that the language in the Agreement which refers to breach of covenants, warranties or representations in the contract can only refer to claims between the parties, and thus supports the inference that the Agreement contemplated the reimbursement of attorneys' fees in litigation between the parties to the Agreement. The Court does not agree. Indeed, the language in the *Hooper* contract also provided for indemnification for "any breach by [defendant] of any express or implied warranty hereunder and any express representation or provision hereof." *Hooper*, 74 N.Y.2d at 490 n. 1, 548 N.E.2d at 904 n. 1, 549 N.Y.S.2d at 366 n. 1. Nevertheless, the court concluded that none of these subjects are "exclusively or unequivocally referable to claims between the parties them-

PUBLISHER in and to the above entitled composition and every portion thereof acquired from the COMPOSER pursuant to the terms hereof and in that connection to settle, compromise or in any other manner dispose of any matter, claim, action or proceeding and to satisfy any judgment that may be rendered and all of the expense so incurred and other sums so paid by the PUBLISHER the COMPOSER hereby agrees to pay to the PUBLISHER on demand, further authorizing the PUBLISHER, whenever in its opinion its right, title or interest to any of the writer's

compositions are questioned or there is a breach of any of the covenants, warranties or representations contained in this contract or in any other similar contract entered into between the PUBLISHER and the COMPOSER, to withhold any and all royalties that may be or become due to the COMPOSER pursuant to all such contracts until such question shall have been settled or such breach repaired.

*See* Motion for Partial Summary Judgment at Exhibit 1.

**58**

selves or support an inference that defendant promised to indemnify plaintiff for counsel fees in an action on the contract." *Id.* at 492, 548 N.E.2d at 905, 549 N.Y.S.2d at 367.

█ It follows that where, as here, the parties' intentions to provide indemnification for claims between the parties is not "unmistakably clear" from the language of the promise, this Court cannot infer an intent to waive the benefit of the rule that parties are responsible for their own attorneys' fees. *Id.* *See also Tokyo Tanker Co. Ltd. v. Etra Shipping Corp.*, 142 A.D.2d 377, 536 N.Y.S.2d 75 (1st Dep't 1989).

## CONCLUSION

Accordingly, the Marx defendants' motion for partial summary judgment against plaintiff's indemnity claim is granted.

It is SO ORDERED.