Arnold D. GOODRIDGE, Plaintiff,

v.

The HARVEY GROUP INC. and Components Plus, Inc., Defendants–Counterclaimants,

v.

Frank FERNANDEZ and Alfonse Daula, Additional Defendants on the Counterclaims.

Arnold D. GOODRIDGE and New Wave Electronics, Inc., Plaintiffs,

v.

The HARVEY GROUP INC. and Components Plus, Inc., Defendants–Counterclaimants,

v.

Frank FERNANDEZ and Alfonse Daula, Additional Defendants on the Counterclaims.

Nos. 82 Civ. 8691(MEL), 82 Civ. 8692(MEL).

United States District Court, S.D. New York.

Dec. 5, 1991.

Bickford, Hahn & Haley, New York City (Richard E. Hahn, of counsel), for plaintiffs.

Kelley Drye & Warren, New York City (Michael J. Hirschfeld and Nicholas J. Di-

**138**

Carlo, of counsel), for defendants-counter-claimants.

Ferber, Greilsheimer, Chan & Essner, New York City (Robert N. Chan and Robert M. Kaplan, of counsel), for additional defendants on the counterclaims.

LASKER, District Judge.

Following a bench trial, it was held that plaintiffs Arnold Goodridge and New Wave Electronics and additional defendant Frank Fernandez are entitled to attorneys' fees from Harvey as part of Harvey's obligations pursuant to the guarantee and indemnity agreements.

Harvey's liability to Goodridge for fees arose as follows: 1) Harvey agreed to indemnify Fernandez for all costs incurred relating to his guarantee of Old CPI's obligations to Goodridge. 2) Fernandez's Guarantee to Goodridge obligated Fernandez to pay Goodridge all legal fees expended in enforcing the Guarantee, as well as to guarantee payment of all Old CPI's obligations to Goodridge. 3) Fernandez was held liable (on summary judgment last year) to Goodridge on the Guarantee. 4) After trial, Harvey was held liable to Fernandez (pursuant to the Indemnity Agreement) for all his expenses incurred as a result of the Guarantee Agreement. These expenses included his liability to Goodridge, who was held an intended beneficiary of the Indemnity Agreement and therefore entitled to recover directly from Harvey.

Harvey's liability to Fernandez for fees results directly from the provisions of the Indemnity Agreement.

Fernandez moved pursuant to Rule 59(e), Fed.R.Civ.P., to amend the judgment entered following bench trial in order to award him $371,322.81 in attorneys' fees. Goodridge moves for attorneys' fees and costs. As has been previously announced, Goodridge's motion is granted in full, while Fernandez's motion is granted in part and denied in part.

## I.

As noted above, Goodridge has been ruled entitled to collect from Harvey attorneys' fees he incurred both from enforcing Fernandez's guarantee of Old CPI's obligations to him and from enforcing Old CPI's obligations directly.

Harvey does not contest the reasonableness or computation of fees submitted by Goodridge. Harvey does contest Goodridge's legal entitlement to some portions of the fees asserted, namely: 1) legal fees and expenses incurred in 1983 and 1984; 2) legal fees and expenses incurred after January 12, 1990 (when summary judgment was entered in favor of Goodridge against Fernandez on Fernandez's Guarantee to Goodridge); and 3) any legal fees and expenses paid by Now Electronics, Inc.

The lion's share of the dispute (over $322,000) concerns fees incurred after January 12, 1990. As of that date, Harvey argues, Goodridge had successfully obtained a judgment against Fernandez pursuant to Fernandez's Guarantee. According to Harvey, Goodridge's expenses in obtaining this judgment are all Fernandez was required to pay Goodridge, and therefore all that Harvey can be obligated to pay Goodridge. Harvey notes that Goodridge never attempted to enforce the judgment it obtained against Fernandez because he believed Fernandez to be asset-less, although evidence is now emerging that he was not.

Harvey further maintains that although Goodridge did incur expenses in seeking a judgment against CPI even after he obtained summary judgment against Fernandez, that effort was "meaningless and wasteful" because CPI was and is asset-free, and that in reality all expenses since entry of summary judgment against Fernandez have been an attempt to collect from Harvey on the Indemnity Agreement and/or an attempt to defend himself against Harvey's various counterclaims.

Harvey's position is not persuasive.

■ The Guarantee obligates Fernandez to pay Goodridge's legal fees incurred enforcing the Guarantee as well as "all fees

and expenses which Goodridge [or New Wave] may pay or incur in enforcing any ... debt ... owed to them by Components Plus, Inc." These costs included legal fees. While Goodridge did secure summary judgment against Fernandez early in 1990, his claims against CPI remained viable and were vigorously contested through trial. CPI offered numerous counterclaims, defenses and affirmative defenses to Goodridge's claims, which prompted essentially all the legal work performed by Goodridge's counsel since the entry of summary judgment against Fernandez. The fact that CPI so vigorously contested Goodridge's claims undercuts Harvey's contention that Goodridge's pursuit of a judgment against CPI was "meaningless and wasteful." Because Goodridge has been ruled entitled to collect directly from Harvey as an intended third party beneficiary of Harvey's Indemnity Agreement with Fernandez, and because pursuant to that agreement Harvey is required to pay Fernandez for all his liability to Goodridge for attorneys' fees enforcing either Fernandez's or CPI's obligations, Goodridge is entitled to reimbursement directly from Harvey.

Goodridge also points out that the January 12, 1990 decision granted summary judgment against Fernandez in the principal amount of $635,416 owed on the guarantee plus interest, but did not rule on Goodridge's demand for an award of attorneys' fees. It follows, according to Goodridge, that no final ruling had been made as to Fernandez despite the entry of summary judgment against him, and Goodridge's right to collect attorneys' fees was in dispute through the trial; indeed, he says, the amount of those fees was continually increasing as the litigation progressed. This argument also appears to have merit, although since Goodridge is entitled to fees incurred securing a judgment against CPI it is not the basis for this decision.

Second, Harvey argues that certain fees incurred in 1983 and 1984 should be excluded to adjust for nonproductive tasks and unsuccessful motions by plaintiffs' original counsel. Harvey notes that plaintiffs made four unsuccessful motions early in the case. Harvey estimates that at least 60% of the fees from those years relate to such losing propositions, and therefore urges a 60% reduction in those fees, which would amount to some $44,000.

■ Harvey notes case law which it claims supports a refusal to award fees for unproductive motion practice. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (award of fees pursuant to 42 U.S.C. § 1988 depends on "the extent of a plaintiff's success"). However, the cases cited by Harvey involve the discretionary award of fees pursuant to federal statute whereas in the present case the award is mandated by contract.

Fernandez's Guarantee requires payment of "all costs and expenses ... and reasonable attorney's fees," not merely those incurred in successful motions. Moreover, no motions made have been deemed frivolous by the court or even alleged to have been frivolous by Harvey. This case has been long and extremely hard-fought, and has culminated in Goodridge's favor. It would be unfair to single out piecemeal certain parries in this long struggle that have proven unsuccessful.

■ Third, Harvey objects to fees paid by Goodridge's corporation, Now Electronics, which was not a party to this action. It maintains that "virtually all" of plaintiffs' attorneys' fee payments from 1984 to 1990 were made by Now Electronics, and that recovery by Goodridge for those expenses would be a windfall to him and would wrongly "imburse" him for payments which he never made. Harvey cites *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1269 (2d Cir.1987), as support. However, that case merely held that where the prevailing party had not yet paid fees, it could not receive payment to reimburse it for those fees.

Goodridge has submitted an affidavit stating that he does his business through Now and is its 100% owner. He states that checks were drawn on the company's account purely for convenience, "just as

plaintiffs had been paid with HGI checks for the obligations of CPI back in 1982."

Harvey has not disputed the affidavit. Because the funds for attorneys' fees appear to have originated with Goodridge even though the actual checks were written by Now, Goodridge is entitled to recover them.

■ Fourth, CPI (as opposed to Harvey) argues that because CPI's obligations arise from its assumption of Old CPI's liabilities to Goodridge pursuant to the Promissory Note, Employment Agreement and Consulting Agreement, of which only the Note provides for Goodridge's recovery of attorneys' fees, it is liable only for legal fees with respect to the promissory note.

Goodridge responds, first, that the argument is untimely and therefore waived. The judgment was entered September 12 and provides that "defendant HGI, defendant CPI, and additional defendant Fernandez jointly and severally" are liable to plaintiffs for their attorneys' fees. Goodridge notes that no motion to amend the judgment was made within the 10 days provided for by Fed.R.Civ.P. 59(e). Goodridge further argues that the amount of fees and expenses is substantive, not clerical, and therefore cannot be "corrected" under Rule 60(a). Goodridge's argument is too rigidly technical; relief pursuant to Rule 60(b) might well be available despite the passage of time since the initial judgment.

Goodridge further argues, more persuasively, that because identical issues were involved in litigating all aspects of CPI's and Harvey's obligations to Goodridge and the counterclaims and defenses offered to those obligations, all his litigation costs should be the joint and several responsibility of the parties to the various agreements. The overwhelming majority of Goodridge's expenses were incurred in defending against counterclaims and rebutting defenses brought by both CPI and Harvey, rather than in presenting the prima facie case. For that reason, CPI is liable for Goodridge's fees pursuant to the Promissory Note.

Accordingly, Goodridge's motion for attorneys' fees is granted in full.

## II.

Fernandez has moved pursuant to Rule 59(e) to amend the judgment to award Fernandez the sum of $371,322.81, the amount of Fernandez's legal fees and disbursements ($271,000) plus interest through September 11, 1991.

The August 23 decision ruled that Fernandez was entitled to recover from HGI all reasonable attorneys' fees which he incurred in connection with his Guarantee of CPI's obligations to Goodridge. That obligation arose from HGI's Indemnity Agreement with Fernandez, in which Harvey agreed to pay Fernandez all "attorneys' fees, arising out of, based upon or relating to [the Gurantee]." Fernandez seeks recovery of his fees from this case and the related state case, *Goodridge v. Fernandez*, Index No. 6585/85 (Sup.Ct.N.Y.Co.).

■ The central question presented by Fernandez's motion is how broadly to construe the Indemnity Agreement's requirement that Harvey indemnify Fernandez for costs related to the Guarantee. Fernandez maintains that because of the Indemnity Agreement's broad language and the interrelated nature of the issues litigated pursuant to the various agreements, he is entitled to all fees including those incurred defending against both Goodridge's claims and Harvey's claims.

Fernandez's reading of the agreement is too broad. The Indemnity Agreement could easily have provided for the award of fees to Fernandez for enforcing the indemnity, rather than merely for defending against the Guarantee. It did not. For that reason, Fernandez is entitled only to fees spent defending against Goodridge's claim pursuant to the Guarantee, but not to fees spent seeking to enforce the Indemnity against Harvey, or defending against Harvey's counterclaims. Allowing a contrary result to be achieved indirectly through the Guarantee simply is not consistent with the absence of any direct provision authorizing Fernandez's recovery of fees incurred enforcing the Indemnity.

*See Bourne Co. v. MPL Communications, Inc.,* 751 F.Supp. 55, 58 (S.D.N.Y.1990) (since a contractual provision for compensation for attorneys' fees "is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise").

Fernandez cites New York cases holding that indemnity agreements are to be interpreted to reach the apparent intent of the parties, and that if an indemnity agreement so indicates it can provide for payment of fees in enforcing it. *See, e.g., Breed, Abbott & Morgan v. Hulko,* 139 A.D.2d 71, 531 N.Y.S.2d 240 (1st Dept.1988), aff'd 74 N.Y.2d 686, 543 N.Y.S.2d 373, 541 N.E.2d 402 (1989) (reversing dismissal of suit seeking reimbursement from indemnitor for fees incurred in underlying suit). However, the plaintiff indemnitee in *Breed* did not present a claim for attorneys' fees incurred in its suit to collect on the indemnity, nor does Fernandez's argument address the controlling question here, which is what the indemnity required.

Fernandez argues more strongly that, apart from the specific language of the Indemnity Agreement's legal fees clause, the interrelated structure of the Indemnity Agreement with the merger agreements including CPI's assumption of Old CPI's obligations to Goodridge mandate a reading of all disputes concerning any of those contracts as inextricable parts of the same transaction, and therefore as intrinsically interrelated.

All Fernandez's expenses and fees certainly relate to the cluster of merger agreements. However, only one provision in any of the contracts touches the issue of Fernandez's attorneys' fees. That provision specifically provides for fees which Fernandez incurs in connection with the Guarantee, and could have but does not specifically provide for Fernandez's fees in enforcing the indemnity.

Accordingly, Fernandez's motion is granted as to those fees incurred defending against Goodridge's claims pursuant to the Guarantee, but is denied as to Fernandez's fees incurred enforcing the Indemnity or defending against Harvey's counterclaims. Because the parties have previously agreed on a dollar figure for those fees authorized by this decision, no further elaboration is necessary.

Because the court has communicated the substance of its ruling to the parties in advance, the judgment previously entered effectively carries out the rulings made in this opinion.