OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 IBM Credit Financing Corporation sued Mazda Motor Manufacturing (USA) Corporation for breach of a sale/
 
 *993
 
 leaseback agreement after Mazda Motor failed to close with IBM Credit and instead completed a similar deal with other companies. Mazda Motor counterclaimed, asserting that IBM Credit had anticipatorily breached their agreement.
 

 Although calculation of the rent Mazda Motor would have paid under the agreement did include possible changes in the tax law, the courts below found that IBM Credit’s interpretation of the agreement to include the new Federal alternative frvirrirrmrn tax was untenable. The untenability of this contract interpretation is not contested by IBM Credit on this appeal.
 

 What is contested is whether IBM Credit ever insisted on this untenable interpretation and, as a result, can be charged with anticipatory breach of the contract. The record, however, amply supports Supreme Court’s comprehensive opinion by Justice Greenfield (170 Misc 2d 15), affirmed by the Appellate Division, which held that IBM Credit not only requested that Mazda Motor adopt its untenable contract interpretation, but also conditioned its performance on Mazda’s acceptance of that interpretation
 
 (see, Tenavision, Inc. v Neuman, 45
 
 NY2d 145). This insistence on an untenable interpretation of a key contractual provision, and refusal to perform otherwise, constituted an anticipatory breach of the contract.
 

 IBM Credit’s claims regarding the calculation of damages are unpreserved for this Court’s review.
 

 Chief Judge Kaye and Judges Smith, Levtne, Ciparick and Wesley concur; Judge Bellacosa taking no part.
 

 Order affirmed, with costs, in a memorandum.