■ VINCENT RICHARD MORGAN, Appellant, v JOHN McCAFFREY et al., Respondents. [789 NYS2d 274]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Klein, J.), dated June 26, 2003, which, after a nonjury trial, is in favor of the defendants and against him dismissing the complaint, canceling the contract, and awarding liquidated damages to the defendants on their counterclaim.

Ordered that the judgment is affirmed, with costs.

On or about April 22, 1999, the plaintiff, as purchaser, and the defendants, as sellers, entered into a contract for the sale of real property located in Westhampton. The closing was to take place "on or about May 17, 1999." The contract specified, inter alia, that it was "subject to a summer rental lease . . . [begin-

ning] May 21, 1999 and expiring September 13, 1999" and that there would be "an adjustment for rental amount" at the closing. The total amount of rent owed under the summer lease was $17,000, payable on or before May 1, 1999. The sale of the property was contingent, inter alia, upon the plaintiff's obtaining appropriate financing and the defendants' delivering a certificate of occupancy.

On or about April 23, 1999, the defendants' attorney requested a certificate of occupancy from the Town of Southampton Building and Zoning Division. On or about June 3, 1999, the plaintiff, after having problems obtaining a mortgage commitment, informed the defendants that he had finally obtained a commitment and wished to "set up the closing for as soon as possible." By letter dated June 9, 1999, the plaintiff again requested a closing, and also asked the defendant "not [to] reduce the $17,000.00 rent adjustment because of the delay in closing." Similar demands were made on August 5, 1999, and August 27, 1999; the plaintiff stated in the letter dated August 5, 1999, that "the failure to agree to close with a full adjustment for the summer rental will be deemed a breach of the contract." The defendants supplied the plaintiff with the required certificate of occupancy on or about September 4, 1999, but sharply disputed the plaintiff's entitlement to the full amount of the summer rental. The parties negotiated until October 1999, when the defendants decided to find a new purchaser for the property.

The plaintiff commenced this action alleging, inter alia, that the defendants breached the contract and demanding specific performance. The defendants counterclaimed that the plaintiff committed an anticipatory breach by demanding full payment of the rental credits. After a nonjury trial, the Supreme Court granted judgment against the plaintiff and in favor of the defendants, canceling the contract and, pursuant to the terms of the contract, awarding liquidated damages to the defendants in the amount of the purchase deposit. We affirm.

The plain language of the contract, coupled with the plaintiff's inability to obtain a mortgage commitment, and thus proceed to closing, until *after* the beginning of the summer rental period, rendered untenable his insistence on receiving full credit for the summer rental and therefore amounted to an anticipatory breach of the contract (*see IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 92 NY2d 989 [1998]; *Patrick v Whelan & Curry Constr. Servs.*, 303 AD2d 974 [2003]). Under these circumstances, the defendants were entitled to recover damages for a total breach and were excused from further performance (*see SPI Communications v WTZA-TV Assoc. Ltd. Partnership*, 229 AD2d 644, 645 [1996]).

While the defendants' failure to obtain a certificate of occupancy before September 4, 1999, presented issues of fact as to whether they breached the contract, the trial court resolved those issues in the defendants' favor and we see no reason to disturb that finding. On issues of credibility, the trial court is in the best position to observe witnesses, and its determination must be accorded great deference (*see Pav-Co Asphalt v Heartland Rental Props. Partnership*, 278 AD2d 395 [2000]).

The plaintiff's remaining contentions are without merit. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.