■ THE BANK OF NEW YORK, Appellant-Respondent, v RIVER TERRACE ASSOCIATES, LLC, Respondent-Appellant, et al.,

Defendants. RIVER TERRACE ASSOCIATES, LLC, Appellant, v THE BANK OF NEW YORK et al., Respondents. THE BANK OF NEW YORK, Appellant, v APPLE BANK FOR SAVINGS et al., Respondents. THE BANK OF NEW YORK, Respondent, v APPLE BANK FOR SAVINGS et al., Appellants. [804 NYS2d 728]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 15, 2005, which, inter alia, denied The Bank of New York (BNY)'s motion for summary judgment and River Terrace Associates' motion for partial summary judgment, unanimously affirmed, with costs and disbursements. Order, same court and Justice, entered April 27, 2005, which, inter alia, granted in part the Apple Bank defendants' motion for partial summary judgment, unanimously affirmed, with costs and disbursements. Order, same court and Justice, entered June 7, 2004, which denied the Apple Bank defendants' motion to compel BNY to disclose certain attorney-client communications and privileged documents, unanimously affirmed, with costs.

Concerning the two actions between River Terrace and BNY, the motion court correctly refused to find that BNY anticipatorily repudiated the credit agreement as a matter of law. The BNY internal memoranda on which River Terrace relies are not determinative (*see Forward Publ. v International Pictures,* 277 App Div 846 [1950]), and BNY's February 28, 2002 and June 3, 2002 letters to River Terrace were too equivocal for summary judgment purposes (*see Tenavision, Inc. v Neuman,* 45 NY2d 145, 150 [1978]; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.,* 211 AD2d 262, 267 [1995]).

On the related question of whether *River Terrace* was entitled to adequate assurances of performance (*see* UCC 2-609), we reject River Terrace's argument that *Norcon Power Partners v Niagara Mohawk Power Corp.* (92 NY2d 458 [1998]) requires application of that doctrine. The long-term construction loan agreement at issue is not analogous to a sales contract, as was the contract in *Norcon* to supply electricity generated at the Norcon facility to a public utility provider for a 25-year period, so as to warrant extension of the doctrine to the facts presented here. The Court of Appeals has enjoined the courts to proceed warily in extending this UCC doctrine to the common law of this State (*see Norcon* at 468). In any event, even if the doctrine were to be extended, River Terrace failed to make an adequate

demand (*see In re Beeche Sys. Corp.*, 164 BR 12, 17 [ND NY 1994]).

BNY may raise the defense of election of remedies, even though it failed to include it in its answer, where it raised the defense in the summary judgment motions before the motion court, and River Terrace opposed the defense without claiming prejudice from the failure to plead (*see Rogoff v San Juan Racing Assn.*, 54 NY2d 883 [1981]).

The motion court correctly found issues of fact as to whether River Terrace elected to treat the loan agreement as valid by making payments under the collar agreement (*see AG Props. of Kingston, LLC v Besicorp-Empire Dev. Co., LLC*, 14 AD3d 971, 973 [2005]). River Terrace is claiming that BNY anticipatorily breached the loan agreement, not the collar agreement. Although the motion court found that the loan and collar agreements were integrated as a matter of law (a ruling that BNY reserves the right to challenge in a future appeal), River Terrace did not know at the time it was making the payments that a court would so rule. Also, it can be questioned whether payments totaling only $315,308 constitute an election in the context of a $70 million to $83 million loan (*see Weigel v Cook*, 237 NY 136, 141 [1923]). In so ruling, we note that the issue of whether the loan and collar agreements are integrated is not before us.

Concerning BNY's action against the other banks, BNY appears to argue that if the collar agreement is not rescinded, i.e., if River Terrace has to pay the early termination fee, BNY will not share the proceeds with the other banks; however, if the collar agreement is rescinded, i.e., if River Terrace recovers the payments it has already made, BNY wants the other banks to indemnify it for its losses. Such an approach to indemnification was properly rejected by the motion court as not within the reasonable contemplation of the parties (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Tokyo Tanker Co. v Etra Shipping Corp.*, 142 AD2d 377, 380 [1989], *lv denied* 75 NY2d 702 [1989]). It does not avail BNY that River Terrace allegedly sued it in its capacity as agent for the other banks. As the motion court held, the indemnity agreement speaks only of losses that BNY incurs in its capacity as agent, and, at least with respect to the collar payments, BNY was not acting as the other banks' agent. With respect to legal fees incurred by BNY in its foreclosure action against River Terrace, the motion court consistently, and correctly, limited BNY's entitlement to indemnity to such fees as it incurred in its capacity as the other banks' agent.

The motion court providently exercised its discretion in denying the other banks' motion to compel. Even though BNY is called "Agent" in the credit agreement, the agreement and the case law make it clear that BNY is not a fiduciary (*see 330 Acquisition Co. v Regency Sav. Bank,* 306 AD2d 154 [2003]). Thus, we reject the other banks' argument that BNY, as agent, lacks standing to assert the attorney-client privilege against its principals (*see In re Colocotronis Tanker Secs. Litig.,* 449 F Supp 828 [SD NY 1978]). The admission of a BNY employee, who is not a lawyer, that BNY's outside counsel represented the other banks is not determinative (*see id.* at 831-832).

The other banks' argument that BNY waived the privilege by allegedly putting its good faith at issue is improperly raised for the first time on appeal, and we decline to consider it (*see Ta-Chotani v Doubleclick, Inc.,* 276 AD2d 313 [2000]). Were we to reach the argument, we would find it unavailing. BNY merely alleged that it had neither been grossly negligent nor engaged in willful misconduct. If such allegations constituted a waiver, a waiver would have to be found in a huge number of lawsuits, a disfavored result (*see Pereira v United Jersey Bank,* 1997 WL 773716, *5, 1997 US Dist LEXIS 19751, *13-14 [SD NY, Dec. 11, 1997]). Even if the "at issue" doctrine applied, it is far from clear that defendants have satisfied its requirements (*see Weizmann Inst. of Science v Neschis,* 2004 WL 540480, *4-5, 2004 US Dist LEXIS 4254, *13 [SD NY, Mar. 17, 2004]).

We have considered the parties' remaining requests for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Sweeny, JJ. [*See* 10 Misc 3d 1052(A), 2005 NY Slip Op 51915(U).]