■ DAVID PENG et al., Appellants, v WILLETS POINT ASPHALT CORP. et al., Respondents. [915 NYS2d 878]—

In an action for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered April 1, 2010, as denied those branches of their motion which were for summary judgment on the first and fifth causes of action, and for summary judgment dismissing the first and third counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court erred in determining that "[t]he doctrine[ ] known as demand for adequate assurances of future performance" (*Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 460 [1998]) is applicable to this matter (*id.* at 468; *Bank of N.Y. v River Terrace Assoc., LLC*, 23 AD3d 308 [2005]; *cf.* UCC 2-609). Nevertheless, the Supreme Court properly determined that triable issues of fact exist as to whether the plaintiffs can be charged with an anticipatory breach or repudiation of the subject contract and whether they are entitled to the return of their down payment (*see IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 92 NY2d 989, 993 [1998]; *Veeraswamy v Novak Juhase & Stern, LLP*, 50 AD3d

1127 [2008]; *Morgan v McCaffrey*, 14 AD3d 670, 671 [2005]). Accordingly, those branches of the plaintiffs' motion which were for summary judgment on the first and fifth causes of action, and for summary judgment dismissing the first and third counterclaims were properly denied. Florio, J.P., Eng, Belen and Austin, JJ., concur. **[Prior Case History: 27 Misc 3d 1210(A), 2010 NY Slip Op 50671(U).]**