■ J. LEONARD SPODEK, Appellant, v JOSHUA FEIBUSCH et al., Defendants. ARTHUR J. KREMER, Nonparty Respondent. [666 NYS2d 946] —In an action for dissolution of a partnership, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated September 20, 1996, which declared him to be in default of 15 real estate contracts.

Ordered that the order is affirmed, with costs.

The appellant and the respondent entered into 19 real estate contracts wherein time was made of the essence. The parties failed to close on 15 of the contracts as of the date set forth in the contract. By letter dated July 11, 1996, the respondent notified the appellant that if he did not close by July 24, 1996, he would be held in default.

The appellant's contention that the letter dated July 11, 1996, failed to make time of the essence is without merit. The letter constituted clear and unequivocal notification that time was to be of the essence with respect to the closing. Moreover, it is readily apparent that the appellant was given a reasonable time in which to fulfill his obligations under the contract and there was no reason for his delay (*see, Palmiotto v Mark,* 145 AD2d 549). Accordingly, the Supreme Court properly found that the appellant was in default.

The appellant's remaining contention is without merit. Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.

■ NASSA TAWFIK, Appellant, v COUNTY OF NASSAU et al., Respondents. [666 NYS2d 937] —In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated May 5, 1997, which granted the defendants' motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the complaint as time-barred (*see, Matter of Tawfik v County of Nassau,* 246 AD2d 549 [decided herewith]). O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.