In the Matter of Nassa Tawfik, Appellant, v County of Nassau et al., Respondents. [666 NYS2d 938] —In a proceeding, *inter alia,* pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Alpert, J.), dated December 24, 1996, which denied the petition, and (2) an order of the same court, dated May 6, 1997, which denied her motion for reargument.

Ordered that the appeal from the order dated May 6, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 24, 1996, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In September 1994, while still hospitalized for treatment of acute appendicitis, the petitioner served a notice of claim upon the respondents, a municipal hospital and its employees, alleging acts of malpractice committed during the three preceding months. However, the petitioner failed to commence an action to recover damages until July 1996, after the one-year and 90-day Statute of Limitations period (*see,* General Municipal Law § 50-i) had expired.

The Supreme Court properly denied the petitioner's application for leave to serve an amended or late notice of claim as time-barred. The "continuous treatment" doctrine did not apply to toll the limitations period in this case since the petitioner failed to adduce prima facie proof that her subsequent hospitalizations were for further treatment of the same or any related condition (*see, Ganess v City of New York,* 85 NY2d 733; *Massie v Crawford,* 78 NY2d 516; *Borgia v City of New York,* 12 NY2d 151). O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.