■ CHARLES BALTIC et al., Respondents, v VINCENT A. ROSSI, JR., et al., Appellants. [735 NYS2d 148] —In an action, *inter alia,* for the return of a down payment on a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered February 28, 2001, as denied their motion for summary judgment dismissing the complaint, and on their counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment in accordance herewith.

In March 2000 the plaintiffs, Charles and Ivana Baltic, entered into a contract to purchase a residence in Rye from the defendants, Vincent and Evelyn Rossi, and paid a down payment of $164,800. The contract stated that the closing would take place on June 30, 2000, but it did not declare that time was of the essence. Nevertheless, in a letter dated June 1, 2000, written in response to the defendants' request for a one-month adjournment of the closing date, the plaintiffs' attorney characterized the request as an anticipatory breach and declared that time was now of the essence. The closing never took place. The defendants retained the down payment as liquidated damages, and the plaintiffs commenced this action. Subsequently, the defendants moved, *inter alia,* for summary judgment to dismiss the complaint. The Supreme Court denied the motion, holding that the correspondence between the parties was so inconsistent that it could not find as a matter of law that either party breached the contract. We now reverse.

When a contract for the sale of real property does not state that time is of the essence, either party is entitled to a reasonable adjournment of the closing date (*see, Tarlo v Robinson,* 118 AD2d 561). Once the closing date set forth in the contract has passed, either party could have declared time of the essence by giving a clear, distinct, and unequivocal notice along with a reasonable time for the other party to act (*see, 3M Holding Corp. v Wagner,* 166 AD2d 580). However, the plaintiffs were not entitled to declare that time was of the essence before the date set forth in the contract, and thus their refusal to close at another time was a breach of the contract (*see, Savitsky v Sukenik,* 240 AD2d 557; *3M Holding Corp. v Wagner, supra;*

*North Triphammer Dev. Corp. v Ithaca Assocs.,* 704 F Supp 422). Accordingly, under the terms of the contract, the defendants are entitled to retain the down payment. O'Brien, J. P., Santucci, H. Miller and Cozier, JJ., concur.