■ ALYCE BARDEL, Respondent, v VAIOS TSOUKAS et al., Appellants. [755 NYS2d 648] —In an action, inter alia, for the

return of a down payment on a contract for the sale of real property, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated January 4, 2002, as denied those branches of their cross motion which were for summary judgment dismissing the complaint and for leave to enter judgment on their counterclaims upon the plaintiff's failure to reply, granted that branch of the plaintiff's motion which was to direct them to return the down payment, and, sua sponte, directed them to pay the plaintiff's title costs.

Ordered that the appeal from so much of the order as, sua sponte, directed the defendants to pay the plaintiff's title costs is dismissed, without costs or disbursements, as no appeal lies as of right from an order entered sua sponte, and we decline to grant leave to appeal from that portion of the order (*see* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

When a contract for the sale of real property does not state that time is of the essence, either party is entitled to a reasonable adjournment of the closing date (*see Baltic v Rossi,* 289 AD2d 430 [2001]; *Tarlo v Robinson,* 118 AD2d 561 [1986]). Once the closing date set forth in the contract passed, either party could have declared time of the essence by giving a clear, distinct, and unequivocal notice along with a reasonable time for the other party to act (*see Baltic v Rossi, supra*; *3M Holding Corp. v Wagner,* 166 AD2d 580 [1990]).

The defendants' contention that the plaintiff's letter dated July 26, 2001, failed to make time of the essence is without merit. The letter constituted clear and unequivocal notification that time was to be of the essence with respect to the closing. Moreover, it is readily apparent that the defendants were given a reasonable time in which to fulfill their obligations under the contract and there was no reason for their delay (*see Spodek v Feibusch,* 246 AD2d 528 [1998]; *Palmiotto v Mark,* 145 AD2d 549 [1988]). Accordingly, the Supreme Court properly directed the defendants to return the down payment.

The defendants' remaining contentions are without merit. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.