■ JOSEPH BUCCIERO et al., Respondents, v JIAN SHENG LI et al., Appellants. [594 NYS2d 876] —Levine, J. Appeal from an order of the Supreme Court (Travers, J.), entered January 28,

1992 in Rensselaer County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs entered into a written contract with defendants to sell certain real property located in the City of Troy, Rensselaer County, for $62,500, with a closing to be held on or before December 30, 1990. The contract contained a clause making defendants' obligation to purchase contingent upon their obtaining a $50,000 mortgage commitment, with a November 15, 1990 deadline for notification of plaintiffs if defendants were unable to obtain financing. The mortgage contingency clause obligated defendants "to use diligent efforts" to obtain the mortgage commitment and "to apply for such a mortgage loan to two lending institutions, if necessary".

Defendants then sought and were denied a mortgage loan from one bank and a personal loan from their family. Plaintiffs granted defendants an extension until December 12, 1990 to obtain financing. However, on December 10, 1990, defendants notified plaintiffs in writing that they were unable to obtain financing and, therefore, declared the contract null and void pursuant to the mortgage contingency clause. Plaintiffs then entered into a contract with a third party to sell the same property for $55,000. After the closing of that transaction, plaintiffs brought the instant action against defendants for breach of contract, alleging that defendants wrongfully canceled the contract by failing to comply with their obligations to seek financing as set forth in the mortgage contingency clause. They sought damages of $7,500, representing the difference between the contract price and what they obtained in selling the property to the third party.

Defendants moved, *inter alia,* for summary judgment dismissing the complaint on the grounds that, by failing to schedule a closing under the contract between the parties, failing to tender a deed to defendants and by agreeing to sell the property to a third party before the last date for a closing set forth in their contract, plaintiffs violated conditions precedent to their right to recover for any breach of contract by defendants, as a matter of law. Supreme Court denied defendants' motion and this appeal ensued.

We affirm. We agree with plaintiffs that a triable issue of fact was presented here as to whether defendants fulfilled their contractual obligation to exercise diligent efforts to obtain a mortgage loan, i.e., to pursue all reasonable sources of potential financing *(see, Blask v Miller,* 186 AD2d 958). If a

trier of fact were to conclude that merely applying to one bank and seeking a family loan did not constitute diligent efforts, defendants' thus unjustified cancellation of their agreement with plaintiffs on December 10, 1990 would have been an anticipatory breach of contract (see, Cooper v Bosse, 85 AD2d 616, 618; 22 NY Jur 2d, Contracts, § 388, at 296-297).

Where, as here, a party commits an anticipatory breach of a real property sale contract by totally repudiating that party's obligation to purchase, the selling party is relieved of any duty to tender performance or wait for the time of performance to arrive before suing or agreeing to sell the property to someone else (see, Cooper v Bosse, supra; 91 NY Jur 2d, Real Property Sales and Exchanges, § 168, at 387; see also, Cohen v Kranz, 12 NY2d 242, 247-248; Ludlam Stead v Rezza, 147 AD2d 457, 459, lv denied 74 NY2d 613; Sunshine Steak, Salad & Seafood v W. I. M. Realty, 135 AD2d 891, 892). Consequently, Supreme Court properly denied defendants' motion, which was based upon their claim that plaintiffs had failed to comply with such conditions precedent.

Finally, we note that because the parties in their moving papers and opposing papers failed to address the effect of defendants' apparent failure to comply with their obligation under the mortgage contingency clause to apply to two lending institutions for a mortgage loan, we have also chosen not to consider that issue.

Weiss, P. J., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.