■ MICHAEL VITOLO et al., Appellants, v BRIAN J. O'CONNOR et al., Respondents. [636 NYS2d 162] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered June 21, 1994 in Greene County, which, *inter alia,* granted defendants' cross motions for summary judgment dismissing the complaint.

In early 1994 defendants Brian J. O'Connor and Cindy A. O'Connor (hereinafter collectively referred to as defendants) executed a contract of sale for plaintiffs' purchase of real property located in the Town of Olive, Ulster County. The agreed-

upon purchase price was $88,000 and plaintiffs made a down payment of $20,000. A "Rider to Contract" (hereinafter rider) was annexed to the contract of sale and, by agreement of the parties, made part thereof. The rider contained a mortgage contingency clause which stated, in pertinent part, as follows:

"This Agreement is subject to and contingent upon [plaintiff] obtaining conventional fixed rate mortgage financing from a local lending institution in a principal amount not to exceed $68,000.00. The annual interest rate shall not exceed 8.0% and the term shall not exceed 15 years.

"[Plaintiffs] agree[ ] to make diligent application for said mortgage financing and agree[ ] to provide said lending institution with title insurance and a certified survey, if required * * *

"In the event that [plaintiffs are] unable to secure a satisfactory written commitment for said mortgage financing on or before March 14, 1994, then in that event, [defendants] shall have the option and privilege of terminating this Agreement and upon the refund to [plaintiffs] of all sums paid by [plaintiffs] to [defendants] hereunder, this Agreement shall be null and void."

Thereafter, by letter dated March 4, 1994, plaintiffs' attorney notified defendants' attorney, defendant John J. Darwak, that plaintiffs were unable to secure a mortgage commitment and that plaintiffs elected to terminate the contract. In response, Darwak requested documentation from plaintiffs' attorney to confirm that plaintiffs' mortgage application had been rejected. Upon being informed that such documentation would not be forwarded, Darwak notified plaintiffs' attorney that a law date was set for April 15, 1994; plaintiffs did not appear. On or about April 14, 1994, plaintiffs commenced this action against defendants and Darwak for breach of contract. By order to show cause dated April 15, 1994, plaintiffs requested, *inter alia*, that Darwak disburse the down payment to them. Defendants and Darwak separately cross-moved for summary judgment dismissing the complaint; Supreme Court granted their cross motions for summary judgment and dismissed the complaint. Plaintiffs appeal.

We affirm. In the case at bar the mortgage contingency clause contained in the rider is devoid of any provision allowing plaintiffs to terminate the agreement upon failure to secure a mortgage commitment; termination was solely within the

province of defendants. Pursuant to the mortgage contingency clause, plaintiffs had the option of notifying defendants of their inability to secure financing on or before March 14, 1994, thus shifting the obligation of termination to defendants. Plaintiffs' March 4, 1994 letter electing termination of the contract, however, was an anticipatory breach and therefore relieved defendants of any duty to terminate the agreement (*see, Bucciero v Jian Sheng Li*, 191 AD2d 887, 889). Further, pursuant to the mortgage contingency clause, plaintiffs were required to make "diligent application" for mortgage financing. As we have previously held, "diligent efforts" requires more than a good-faith effort and requires a purchaser to pursue all reasonable sources of potential financing (*see, Blask v Miller*, 186 AD2d 958, 959).

It is settled law that to defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial (*Zuckerman v City of New York*, 49 NY2d 557, 562; *see,* CPLR 3212 [b]). The opposing party must then produce evidence in admissible form sufficient to require a trial (*Zuckerman v City of New York, supra*, at 562); mere conclusions are insufficient (*supra*, at 562). In the instant matter defendants' motion papers, consisting of their sworn statements as well as sworn statements by Darwak and a real estate salesperson who was involved in the sale, were sufficient to create entitlement to summary judgment, thereby shifting the burden to plaintiffs. In response, plaintiffs' submissions contain conclusory allegations concerning their efforts and their inability to obtain a mortgage; significantly, the record is devoid of any documentation from a lending institution or private lender indicating that plaintiffs' application had been made and rejected. All relevant information regarding plaintiffs' efforts was within their control; however, their response fails to factually establish the existence of any triable issues. Under such circumstances, we conclude that Supreme Court properly granted the cross motions for summary judgment dismissing the complaint.

Plaintiffs also contend that Supreme Court erred by awarding defendants the entire down payment, which is nearly 23% of the purchase price. We disagree. "[A] purchaser who defaults on a real estate contract without lawful excuse cannot recover the down payment" (*Korabel v Natoli*, 210 AD2d 620, 621-622, *appeal dismissed, lv denied* 85 NY2d 889; *see, Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378; *Lawrence v Miller*, 86 NY 131, 140). Although the results of the application of this doctrine to the facts in this case may seem severe, the parties to this trans-

action were dealing at arm's length. Plaintiffs were aware that they were making a sizeable down payment; any negotiating over the amount of the down payment should have been done at the time of the agreement. Since there is no evidence of overreaching, it is our view that Supreme Court correctly awarded the entire down payment to defendants (*see, Maxton Bldrs. v Lo Galbo, supra,* at 382).

We have reviewed plaintiffs' remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.