■ SPI COMMUNICATIONS, INC. et al., Respondents, v WTZA-TV ASSOCIATES LIMITED PARTNERSHIP, Appellant. (Action No. 1.) WTZA-TV ASSOCIATES LIMITED PARTNERSHIP, Appellant, v EDWARD P. SWYER et al., Respondents. (Action No. 2.) [644 NYS2d 788] —Yesawich Jr., J. Appeals (1) in action No. 1, from an order of the Supreme Court (Teresi, J.), entered November 17, 1995 in Albany County, which, *inter alia,* denied defendant's motion to dismiss the complaint, and (2) in action No. 2, from those parts of an order of the Supreme Court (Torraca, J.), entered December 28, 1995 in Ulster County, which denied plaintiff's motion to stay all proceedings and to stay discovery pending resolution of the appeal in action No. 1.

These two related actions arise from a transaction wherein plaintiffs in action No. 1 (hereinafter plaintiffs) agreed to sell, and defendant (in action No. 1) WTZA-TV Associates Limited Partnership (hereinafter defendant) agreed to buy, substantially all of the assets of a television station located in the City of Kingston, Ulster County. By the terms of the asset purchase agreement defendant was to assume specified liabilities and execute a promissory note for the sum of $1,750,000, payable in December 2003.

In action No. 1, plaintiffs charge defendant with breach of contract (premised on theories of anticipatory repudiation, frustration or failure of consideration, breach of the covenant of good faith and fair dealing, and breach of the express terms of the contract requiring the assumption of certain liabilities) and conversion of various program tapes. Defendant answered, interposing counterclaims for breach of contract and indemnification (for amounts in excess of $2,000,000, purportedly the result of discrepancies between audited financial reports

received after the closing and the schedule of assets and liabilities attached to the purchase agreement), and moved to dismiss the complaint as failing to state a cause of action. Defendant also commenced a separate action (action No. 2), in which it alleged that plaintiffs, by bringing the first suit, tortiously interfered with its attempt to sell the station to a third party. Plaintiffs cross-moved (in action No. 1) for leave to serve a second amended complaint, and later, *inter alia*, to consolidate the two actions; defendant then cross-moved for partial summary judgment on its counterclaims. Supreme Court denied both of defendant's motions for summary relief, and granted plaintiffs' application for permission to amend the complaint. Defendant appeals.*

Defendant contends that Supreme Court erred in reviewing only the sufficiency of the complaint, pursuant to CPLR 3211 (a) (7), rather than considering its dismissal motion as one for summary judgment under CPLR 3211 (c). Although the applicable rule provides that Supreme Court *may*, under certain circumstances, treat a motion to dismiss as one for summary judgment, it is not required to do so. In view of the fact that the action is, as Supreme Court noted, in its earliest stages, and no discovery has been had, the court's decision not to accept defendant's invitation to convert the motion to one for summary judgment was not an abuse of its discretion (*cf., Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320).

Nor did Supreme Court err in concluding that the complaint, construed liberally in plaintiffs' favor (*see, Fort Ann Cent. School Dist. v Hogan*, 206 AD2d 723, 724), stated legally cognizable claims for breach of contract and conversion. An anticipatory repudiation, entitling the nonrepudiating party to recover damages for a total breach and excusing it from further performance (*see, Long Is. R. R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 463-464), can be grounded upon a finding that the other party has attempted to avoid its obligations by advancing an "untenable" interpretation of the contract, or has communicated its intent to perform only upon the satisfaction of extracontractual conditions (*see, Created Gemstones v Union Carbide Corp.*, 47 NY2d 250, 255, n 5; *North Town Auto Rental v Sportservice Corp.*, 73 AD2d 1045, 1046, *appeal dismissed* 50 NY2d 1043); similar conduct could also support the conclusion that defendant acted in bad faith (*cf., Meltzer v G.B.G., Inc.*, 176 AD2d 687, 688-689).

---

* Defendant's second appeal, from an order denying its request for a stay of proceedings in action No. 2 pending resolution of its challenge to the order issued in action No. 1, has been rendered academic by our decision herein disposing of the first appeal. It is, accordingly, dismissed.

Even disregarding those of plaintiffs' factual allegations that are "inherently incredible or flatly contradicted by documentary evidence" contained in the record (*Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936), those that remain (e.g., charges that defendant sought reimbursement for the decline in value of film rights that were rendered useless by its own actions, and for the replacement cost of assets that were fully depreciated at the time of the sale), if accepted as true and examined in the light most favorable to plaintiffs, adequately establish that defendant sought to rely upon "false, unsubstantiated and grossly exaggerated claims" to escape its duty to pay the amount due under the agreement. Hence, the breach of contract claims, insofar as they are bottomed on charges of anticipatory repudiation or breach of the covenant of good faith, were properly sustained.

The facts set forth in the complaint could also form the basis for a finding that defendant breached its express contractual obligation to honor certain liabilities (namely, a contractual agreement with Worldvision Enterprises, Inc.) that it had assumed pursuant to the agreement, and that plaintiffs were injured thereby. Consequently, the breach of contract claims were correctly upheld on this theory as well.

As for the causes of action sounding in conversion, they are premised upon allegations that defendant has interfered with plaintiffs' right, as owner, to possession of the original program tapes, by failing to turn over those tapes when asked to do so. Inasmuch as the agreement, which grants defendant a license to broadcast the program, does not explicitly give it the right to possess the original tapes (as opposed to copies), a right that could be inferred to inhere in ownership of the program, defendant has not demonstrated that plaintiffs' conversion claims are meritless on their face. And, although defendant now contends that the tapes have been returned, and plaintiffs admit receiving some boxes containing tapes, accompanied by an inventory of their contents purporting to list the program episodes contained therein, no clear showing has been made that *all* of the tapes have, in fact, been returned; significantly, even the inventory prepared by defendant lists some of the episodes as "missing". Hence, Supreme Court did not err in refusing to dismiss the causes of action seeking recovery for conversion of the tapes.

Defendant's remaining contentions require minimal comment. Given the lack of any showing of prejudice, Supreme Court did not abuse its discretion (*see, Murray v City of New York*, 43 NY2d 400, 404-405) in granting plaintiffs' motion for

leave to serve a second amended complaint. The proposed pleading, though it contains additional allegations of fraud, is predicated on essentially the same facts and occurrences as the (first) amended complaint (*see, Carlisle v County of Nassau,* 75 AD2d 593). Moreover, inasmuch as the new allegations turn on the factual question of defendant's intent, which cannot be resolved on the basis of the documentary evidence currently before the Court, they cannot be said to be wholly unfounded, or insufficient as a matter of law, such that the amendment should be rejected on that basis (*see, Bobrowsky v Lexus,* 215 AD2d 424).

Lastly, Supreme Court properly declined to award defendant judgment on the counterclaims, for its right to recover for plaintiffs' alleged breach of the agreement is necessarily contingent on the outcome of plaintiffs' claims of breach (*see, Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 255-256, *supra*).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order entered November 17, 1995 is affirmed, with costs. Ordered that the appeal from the order entered December 28, 1995 is dismissed, as academic.