■ WILLIAM BARTON et al., Appellants, v ROY S. LERMAN, Respondent. [649 NYS2d 107] —Yesawich, Jr., J. Appeal from an order of the Supreme Court (Williams, J.), entered December 18, 1995 in Saratoga County, which, *inter alia*, denied plaintiffs' motion for summary judgment.

At issue in this case is the disposition of a $15,000 deposit made by defendant and held in escrow by plaintiffs' attorney on a contract to purchase plaintiffs' real property for $150,000. The closing date of August 5, 1994 recited in the contract was mutually extended to September 1, 1994 and then later set by plaintiffs as September 23, 1994, with time expressly stated to be of the essence. Defendant failed to close and plaintiffs thereafter sold the subject property to a third party. Plaintiffs commenced the instant action to recover the $15,000 held in escrow

as liquidated damages due to defendant's breach of contract. After issue was joined, plaintiff moved for summary judgment. Supreme Court ordered that the $15,000 deposit be returned to defendant, effectively awarding summary judgment in defendant's favor.

Although defendant argues contrariwise, plaintiffs are permitted to appeal Supreme Court's order as of right because the court, in effect, determined the action by ordering release of the money to defendant (see, CPLR 5701 [a] [2] [vi]). Nor was the court foreclosed, as plaintiffs urge, from granting summary judgment in defendant's favor because the latter did not move for such relief (see, CPLR 3212 [b]).

As to the merits, it is plaintiffs' claim that, inasmuch as time was of the essence, defendant's failure to close as required constituted a default (see, *Lake Hills Swim Club v Samson Dev. Corp.*, 213 AD2d 701, 702; *Zahl v Greenfield*, 162 AD2d 449, 450, *lv denied* 76 NY2d 709; *Palmiotto v Mark*, 145 AD2d 549, 550, *lv denied* 74 NY2d 608) and, because of this breach, plaintiffs are entitled to the deposit despite the fact that they sold the house, at a greater price, to a third party. We agree.

For over a century it has been the law in this State that, notwithstanding that a seller's actual damages may be less than a given down payment, "a vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment" (*Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378; *see, Lawrence v Miller*, 86 NY 131, 140; *Vitolo v O'Connor*, 223 AD2d 762, 764; *Korabel v Natoli*, 210 AD2d 620, 621-622, *appeal dismissed, lv denied* 85 NY2d 889). There being no question that defendant breached the purchase contract, and no legally cognizable excuse having been proffered for such breach, plaintiffs are entitled to the $15,000 deposit as a matter of law (see, *Maxton Bldrs. v Lo Galbo, supra*, at 381-382).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff.