■ COLLAR CITY PARTNERSHIP I, Appellant, v REDEMPTION CHURCH OF CHRIST OF THE APOSTOLIC FAITH et al., Respondents. [651 NYS2d 729] —Carpinello, J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.), entered March 30, 1995 in Rensselaer County, upon a decision of the court in favor of defendants.

At issue in the case is the disposition of nearly $422,000 paid by plaintiff in connection with a contract to purchase several parcels of real property owned by defendant Redemption Church of Christ of the Apostolic Faith (hereinafter defendant) for $900,000.[1] The August 28, 1985 contract, which does not have a finance contingency provision, went unfulfilled for several years.[2] During this time period, plaintiff made repeated assurances to defendant that it would obtain necessary financing for the project and close on the properties. In addition to making a $10,000 deposit on the contract, plaintiff made numerous payments to defendant in consideration of defendant's agreement *not to cancel* the contract and to extend plaintiff's time for performance. It was agreed between the parties that these funds would be credited against the purchase price *if* the clos-

1. The contract was entered into between defendant and FHI Management Company. FHI Management subsequently assigned the contract to plaintiff, of which FHI Management was the managing partner.

2. Two modifications of the writing were entered into between the parties; neither modification, however, substantially altered the basic contract terms.

ing occurred. Notably, throughout this entire period, defendant paid all maintenance and carrying charges on the five properties, which the record reveals were quite extensive.

By letter dated August 31, 1987, plaintiff was informed that, "[i]n regards to the contract which has been continuously in default * * * [defendant was] call[ing] for the fulfillment of the contract in full by September 30, 1987 and time is of the essence". Finally, in 1988, the contract was terminated by defendant due to plaintiff's failure to perform. Plaintiff commenced the instant action pursuant to RPAPL article 15 seeking a judicial determination of its rights with respect to the properties. In its complaint plaintiff alleged, *inter alia*, that all payments paid by it represented payments on mortgages and notes executed by the parties and sought either title to the properties or the return of all moneys it expended, less $5,000, the amount set in the contract's liquidated damages clause. Following a nonjury trial, Supreme Court refused to enforce the liquidated damages clause and determined, *inter alia*, that plaintiff defaulted on the contract. According to Supreme Court, whether the funds advanced by plaintiff were deemed consideration to extend the closing date or additional deposits on the contract, in no event was plaintiff entitled to the return of same.[3] Plaintiff appeals and we now affirm.

It has long been the law in this State that a party who defaults on a contract cannot recover the amount or value of part performance (*see, Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 379; *Lawrence v Miller*, 86 NY 131). This principle continues to be applied with full force to arms' length real estate contracts (*see, e.g., Barton v Lerman*, 233 AD2d 555; *Vitolo v O'Conner*, 223 AD2d 762; *Chateau D'If Corp. v City of New York*, 219 AD2d 205, *lv denied* 88 NY2d 811). In this case, the record fully supports Supreme Court's findings that plaintiff was never ready or able to perform the contract and in fact defaulted on it. Noting that no legally cognizable excuse has been proffered for such default, we agree with Supreme Court that defendant is entitled to retain *all* moneys it received from plaintiff, whether viewed as consideration for the extensions of time granted by defendant to complete performance of the contract (*see, Evans v Norris*, 69 AD2d 829; *Friedland v Argentor Holding Corp.*, 214 App Div 242, *affd* 242 NY 532) or additional deposits made on the contract, as a matter of law (*see, Maxton Bldrs. v Lo Galbo, supra; Lawrence v Miller, supra*).

3. Supreme Court dismissed the complaint against defendant Juanita M. Jackson because there was no proof of any cause of action against her. The propriety of this finding is not challenged on appeal.

Moreover, plaintiff cannot rely on the liquidated damages clause in the contract (purporting to limit defendant's damages to $5,000) to avoid this result (*see, Friedland v Argentor Holding Corp., supra*). In any event, we also agree with Supreme Court's conclusion that this liquidated damages clause is unconscionable as being unreasonably disproportionate to probable loss in the event of a breach (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 424-425) and, therefore, unenforceable.

We have reviewed plaintiff's remaining contentions and find them to be equally without merit.

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.