■ JOHN A. DI SCIPIO, Respondent, v ANN Z. SULLIVAN, as Administrator of the Estate of GAIL A. SULLIVAN, Deceased, Appellant. [816 NYS2d 576]—

Mugglin, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 1, 2005 in Saratoga County, which granted plaintiff's motion for summary judgment.

Gail A. Sullivan (hereinafter decedent), the purchaser on a real estate contract with plaintiff, died unexpectedly several days before the scheduled closing. Following the appointment of defendant as administrator for decedent's estate, plaintiff declared time to be of the essence and scheduled two closing

dates in February 2004. When defendant failed to close, plaintiff brought this breach of contract action seeking, among other things, to retain the 10% contract deposit of $99,900. After joinder of issue, plaintiff successfully moved for summary judgment. Defendant appeals.

Defendant argues that it cannot be determined as a matter of law that the death of a party to a real estate contract amounts to a willful breach entitling plaintiff to retain the down payment. We find no merit to this argument. As this executory contract contains no provision to the contrary (*see Gura v Herman,* 227 App Div 452, 454 [1929], *affd* 253 NY 618 [1930]), and does not involve an obligation personal in nature to the decedent (*see Spalding v Rosa,* 71 NY 40, 41 [1877]; *Cooper v Dhafir,* 211 AD2d 860, 860 [1995]), decedent's death did not terminate the contract (*see* EPTL 11-3.1). Moreover, willfulness is not a factor (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.,* 1 NY3d 53, 62-63 [2003]). "It has long been the rule in New York that a purchaser who defaults on a real estate contract without lawful excuse cannot recover the down payment" (*Korabel v Natoli,* 210 AD2d 620, 621-622 [1994], *lv denied* 85 NY2d 889 [1995] [citations omitted]; *see Maxton Bldrs. v Lo Galbo,* 68 NY2d 373, 378 [1986]), as long as the parties "were dealing at arm's length" (*Vitolo v O'Connor,* 223 AD2d 762, 765 [1996]). This is the result "notwithstanding that a seller's actual damages may be less than a given down payment" (*Barton v Lerman,* 233 AD2d 555, 556 [1996]). Therefore, absent a legally cognizable excuse for defendant's failure to perform the contract, plaintiff may retain the down payment (*see Collar City Partnership I v Redemption Church of Christ of Apostolic Faith,* 235 AD2d 665, 666 [1997], *lv denied* 90 NY2d 803 [1997]). Defendant's asserted excuse—the illiquidity of the estate and its inability to obtain financing—is unavailing. "[W]here impossibility or difficulty of performance is occasioned only by financial difficulty or economic hardship, even to the extent of insolvency or bankruptcy, performance of a contract is not excused" (*407 E. 61st Garage v Savoy Fifth Ave. Corp.,* 23 NY2d 275, 281 [1968]). In addition, this contract contains no mortgage contingency clause. Thus, as defendant raised no issue of fact, plaintiff was entitled to summary judgment.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.