■ TOWN OF SOUTHAMPTON, Appellant, v BARBARA PORTMAN et al., Respondents. [861 NYS2d 381]—

In an action for a judgment declaring that the defendants are obligated to indemnify the plaintiff for damages arising from the flooding of certain real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated September 4, 2007, which, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1), and was in their favor on the merits based on documentary evidence.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment in declaring that the defendants are not obligated to indemnify the plaintiff for damages arising from the flooding of the subject real property.

In 1982 Joseph Portman, Jr. (hereinafter the decedent) entered into a written agreement (hereinafter the 1982 agreement) in which he promised to "hold the Town of Southampton harmless from any damages that may be the result of [his] building a house, on [a certain] property, where [the] foundation [was] less than 12" above the elevation of the road immediately in front of [his] house." The 1982 agreement also provided that "any future owner of the above property [would] be bound by [the foregoing] statement and that said future owner [would] be notified by a notation on the deed." The decedent died on or about December 2, 1988. In the complaint in the instant action, the Town alleges that, in June 1990, the property was conveyed by the defendants Barbara Portman and Joseph Portman III to JRP Old Riverhead, Ltd. (hereinafter JRP).

In an unrelated action commenced by JRP against the Town, JRP alleged, in an amended complaint dated January 3, 2000, that on or about July 25, 1995, approximately seven years after the decedent's death, the property referred to in the 1982 agreement was damaged by flooding. The amended complaint alleged that this flood damage was ultimately due to the Town's improper maintenance of "storm drains and similar mechanisms on [certain] public roads." It appears that the damage for which JRP sought compensation in the unrelated action is the same as the "damage[ ] that [might] be the result of [the decedent's] building a house . . . where [the] foundation [was] less than 12" above the elevation of the road," as that phrase appears in the 1982 agreement. Accordingly, had the decedent still been alive and had he still owned the house on the date of the flood, he would have been bound by the terms of the 1982 agreement.

As we noted in *JRP Old Riverhead Ltd. v Town of Southampton* (44 AD3d 905 [2007]), significant complications arose when a former attorney for the Town attempted to settle JRP's action against the Town. The Town's former attorney, purporting to act on behalf of the Town, entered into various agreements with JRP's attorneys, according to which the Town purportedly agreed, among other things, to pay significant sums of money to JRP not only as compensation for the damage allegedly caused by the July 25, 1995, flood, but also as "liquidated damages" to be paid in the event that the Town failed to remedy the flooding problem on or before a specified date. In the present action, the Town is seeking to have the decedent's estate and its beneficiaries indemnify it pursuant to the terms of the 1982 agreement. Since documentary evidence established the merits of the defendants' defense of the action, the matter must be remitted to the Supreme Court for the entry of an appropriate judgment

declaring that the defendants are not obligated to indemnify the Town.

None of the defendants in this action is the present owner of the property described in the 1982 agreement. Thus, the defendants cannot be bound to the terms of the indemnification provisions of the 1982 agreement, since the obligation set forth in the 1982 agreement is not one that is personal in nature to the decedent, and the property is owned by JRP, which is not a party to this action (*see* EPTL 11-3.1; *Di Scipio v Sullivan*, 30 AD3d 660 [2006]).

The Town's remaining contentions are without merit.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendants are not obligated to indemnify the plaintiff for damages arising from the flooding of the subject real property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.