■ HIGHBRIDGE DEVELOPMENT BR, LLC, Respondent, v DIAMOND DEVELOPMENT, LLC, et al., Appellants. [888 NYS2d 654]—

Cardona, P.J. Appeal from an order of the Supreme Court (Kramer, J.), entered January 21, 2009 in Schenectady County, which, among other things, granted plaintiff's motion for summary judgment.

In 2005, plaintiff entered into a real estate contract to sell approximately 12 acres of land located in the Town of Niskayuna, Schenectady County to defendant Diamond Development, LLC for $7.5 million. The contract provided that the closing was to take place within 60 days after certain conditions had been met, including, as relevant here, the granting of governmental approvals related to the development of both the parcel at issue and another parcel.

As to the terms of payment, the contract required that, upon execution, Diamond would place a $75,000 deposit into an escrow account, which was done. The contract further required Diamond to make an additional $475,000 deposit within five business days of plaintiff providing notice to Diamond that all government approvals required by the contract had been obtained. The parties agree that the approvals were obtained on July 1, 2008.[1] On that date, plaintiff sent Diamond a letter to that effect, which also notified Diamond that (1) it had five business days to make the additional $475,000 deposit, (2) the closing must take place within 60 days thereafter, (3) time was of the essence as to those dates, and (4) failure to comply would constitute breach of contract. Due to the holiday weekend, the five-day deadline expired on July 9, 2008.

On July 2, 2008, Diamond assigned its interest in the contract to defendant HDB Ventures, LLC. On July 9, 2008, HDB Ventures informed plaintiff of the assignment and demanded documentary evidence indicating that the approvals were no longer subject to challenge, which plaintiff provided that same

---

1. The last of the required approvals related to a parcel of land not directly at issue here (*see Matter of Friends of Stanford Home v Town of Niskayuna*, 50 AD3d 1289 [2008], *lv denied* 10 NY3d 716 [2008]).

day. The next day, July 10, 2008, upon receiving no proof that the $475,000 deposit was made, plaintiff informed defendants that it considered the contract to have been breached and that it would entertain offers on the property from other parties. One month later, plaintiff commenced this action seeking a judgment declaring the contract null and void or, alternatively, specific performance or damages in the amount of the contract price. Defendants answered, asserting various affirmative defenses and counterclaims. Plaintiff moved for summary judgment on its complaint, and also to dismiss defendants' affirmative defenses and counterclaims pursuant to CPLR 3211. Defendants cross-moved for summary judgment dismissing the complaint.

Finding defendants to be in material breach of the contract, Supreme Court granted summary judgment in plaintiff's favor. The court also dismissed defendants' affirmative defenses and counterclaims, declared the contract null and void, and awarded plaintiff the $75,000 deposit as damages. Defendants now appeal.

Defendants argue that the July 1, 2008 letter that purported to make time of the essence was premature and ineffective. Thus, they contend, they were entitled to a reasonable time after July 9, 2008 within which to tender the $475,000 payment. We agree. Where, as here, a contract for the sale of real property does not, by its terms, make time of the essence as to payment, the buyer has a reasonable time in which to tender performance after the specified date (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 489 [2006]; Malley v Malley, 52 AD3d 988, 989 [2008]). Although the seller may unilaterally convert the contract into one making time of the essence by giving the buyer "clear, unequivocal notice" and a reasonable time to perform (ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d at 490 [internal quotation marks and citation omitted]; see Malley v Malley, 52 AD3d at 989), such notice is premature and ineffective if delivered before the contractual performance date (see Bardel v Tsoukas, 303 AD2d 344, 345 [2003]; Baltic v Rossi, 289 AD2d 430, 430-431 [2001]; 3M Holding Corp. v Wagner, 166 AD2d 580, 581 [1990]). Here, the $475,000 payment was due on July 9, 2008. Thus, plaintiff's attempt to declare time of the essence in its July 1, 2008 letter was premature,[2] and plaintiff was not entitled to summary judgment on that basis.

---

**2.** Although defendants did not raise before Supreme Court the argument that the time of the essence letter was premature, we find that the issue is reviewable on appeal because it presents "an issue of law which appeared upon the face of the record and could not have been avoided by [plaintiff] if

Defendants also contend that Supreme Court should not have dismissed certain of their affirmative defenses and counterclaims. To the extent those affirmative defenses and counterclaims sound in anticipatory repudiation and breach of the covenant of good faith and fair dealing, we agree that they should be reinstated. "To support the claim of anticipatory repudiation, there must be 'an unqualified and clear refusal to perform with respect to the entire contract'" (*O'Connor v Sleasman*, 37 AD3d 954, 956 [2007], *lv denied* 9 NY3d 806 [2007], quoting *DeLorenzo v Bac Agency*, 256 AD3d 906, 908 [1998]), which may take the form of an unequivocal statement or act (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 463 [1998]). Here, defendants allege that plaintiff declared the contract to be void and stated its intention to begin entertaining offers from other buyers. Accepting these assertions as true, as we must in the context of a motion to dismiss, and affording defendants the benefit of every favorable inference (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]), we find that defendants have stated a cause of action for anticipatory repudiation (*see O'Connor v Sleasman*, 37 AD3d at 956; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 267 [1995]). Defendants' further allegations—that plaintiff marketed the property to prospective tenants, including tenants to whom defendants were attempting to market the property, and also informed those prospective tenants that defendants had no interest in the property—adequately support a cause of action for breach of the covenant of good faith and fair dealing, which is implied in all contracts in New York (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d at 153).

Defendants' remaining contentions have been considered and found to be unpersuasive.

Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on its complaint and as granted plaintiff's motion to dismiss defendants' affirmative defenses and counterclaims in their entirety; motion for summary judgment denied and motion to dismiss denied with respect to defendants' affirmative defenses and counterclaims sounding in anticipatory repudiation and breach of the covenant of good faith and fair dealing; and, as so modified, affirmed.

brought to [its] attention at the proper time" (*Matter of Vanderminden v Tarantino*, 60 AD3d 55, 58 n 3 [2009] [internal quotation marks and citation omitted], *lv denied* 12 NY3d 708 [2009]; *see Larson v Albany Med. Ctr.*, 252 AD2d 936, 939 [1998]).