■ PHILIP D. FONDA et al., Respondents, v FIRST PIONEER FARM CREDIT, ACA, Appellant. [927 NYS2d 417]—

Garry, J.

Defendant is a mortgagee for plaintiffs' dairy farm in the Town of Lisbon, St. Lawrence County. As required by the mortgage, plaintiffs carried fire insurance that named defendant as the insured. In August 2004, a fire on the property killed livestock and damaged or destroyed several farm buildings. The insurer issued payment jointly to defendant and plaintiff Philip D. Fonda for insurance proceeds of $223,000. Plaintiffs requested that defendant release the funds to be used for repairs and equipment purchases, but the parties disagreed as to how the funds should be used, and defendant refused to release them.

In November 2004, plaintiffs commenced this action claiming, as pertinent here, breach of contract and violation of Real Property Law § 254, and seeking to compel defendant to tender the insurance proceeds to plaintiffs and to pay damages allegedly resulting from the delay. In December 2004, by agreement of the parties, the insurance check was cashed and deposited into a holding account, and defendant released approximately

$80,000 to plaintiffs to be used for winterization of the damaged buildings. The remaining insurance proceeds were released to plaintiffs over the next year as the buildings were replaced. In February 2010, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendant appeals.

Defendant first asserts that it did not violate Real Property Law § 254 (4) (a) by refusing to advance the insurance proceeds to plaintiffs. That statute provides, in pertinent part, that a mortgagee holding the proceeds of a fire insurance policy pursuant to a mortgage provision like the one at issue here must retain the funds in trust until, among other things, the mortgagor "make[s] good the damage by means of such repairs, restoration or rebuilding as may be necessary to restore the buildings to their condition prior to the damage," and submits proof to the mortgagee that "the damage has been fully made good" (Real Property Law § 254 [4] [a]). Only then is the mortgagee obliged to pay the proceeds to the mortgagor (*see* 4-37 Powell on Real Property § 37.24 [2011]). The mortgagee is not prohibited from paying insurance proceeds to the mortgagor before repairs have been carried out; the statute indicates that the mortgagee may elect to do so by providing that the previously-described trust arises "should the mortgagee retain such insurance money instead of paying it over to the mortgagor" (Real Property Law § 254 [4] [a]). However, the statute's plain language cannot be read to *require* the mortgagee to advance all or part of the insurance proceeds before repairs have been carried out. Here, plaintiffs allege that defendant failed to advance the insurance proceeds to them for proposed repairs and renovation, but they do not claim that defendant failed to reimburse them for expenses they had already incurred. Accordingly, the cause of action alleging that defendant violated Real Property Law § 254 should have been dismissed (*compare Builders Affiliates v North Riv. Ins. Co.*, 91 AD2d 360, 366 [1983]; *First Natl. Bank of Scotia v Sterling*, 71 AD2d 723, 724 [1979]).

We agree, however, with Supreme Court's refusal to dismiss plaintiffs' breach of contract claim, finding triable issues of fact as to whether defendant committed anticipatory repudiation and breached the implied covenant of good faith and fair dealing.[1] Anticipatory repudiation occurs when a party "attempt[s] to avoid its obligations by advancing an untenable interpretation of the contract, or . . . communicate[s] its intent to perform

---

1. We reject defendant's contention that the anticipatory repudiation claim was unpreserved (*see Bender v Peerless Ins. Co.*, 36 AD3d 1120, 1121 [2007]);

only upon the satisfaction of extracontractual conditions" (*SPI Communications v WTZA-TV Assoc. Ltd. Partnership*, 229 AD2d 644, 645 [1996] [internal quotation marks omitted]; *see IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 92 NY2d 989, 993 [1998]). Such conduct excuses the non-repudiating party from further performance and entitles it to claim damages for total breach (*see O'Connor v Sleasman*, 14 AD3d 986, 987-988 [2005]; *SPI Communications v WTZA-TV Assoc. Ltd. Partnership*, 229 AD2d at 645). Whether such a repudiation took place is "a factual determination [and] heavily dependent upon a determination of whether 'a breaching party's words or deeds are unequivocal' " (*O'Connor v Sleasman*, 14 AD3d at 987-988, quoting *Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 463 [1998]).

Plaintiffs contend that defendant's representative improperly sought to require them to apply approximately $80,000 from the insurance proceeds to pay down principal on the mortgage debt and to "scale down" their reconstruction plans accordingly. Defendant asserts that it imposed no such requirement, but merely offered to release part of the insurance proceeds before repairs were completed if plaintiffs agreed to apply the remainder to reduce the principal. However, in support of their claim, plaintiffs submitted the deposition transcript of their former counsel, who represented them at the time of the negotiations in question. He testified that during the negotiations, defendant's representative advised him that, if plaintiffs did not agree to reduce the mortgage debt, defendant would neither release any proceeds in advance nor reimburse plaintiffs for completed repairs, and that the purpose of imposing this requirement was to enable defendant to maintain leverage and control over plaintiffs' activities.[2] Plaintiffs thereby established the existence of triable issues of fact barring summary judgment as to whether defendant unequivocally communicated its intent to require plaintiffs to comply with an extracontractual condition before it would reimburse them for repairs (*see O'Connor v Sleasman*, 14 AD3d at 987-988; *see also Highbridge Dev. BR, LLC v Diamond Dev., LLC*, 67 AD3d 1112, 1115 [2009]). Issues of fact arising out of the same alleged conduct also support plaintiffs' claim that defendants breached the implied covenant of good faith and fair dealing (*see SPI Com-*

---

the issue was fully raised by plaintiffs' factual assertions and correctly addressed by Supreme Court.

**2.** Real Property Law § 254 (4) (a) provides that a mortgagee need not pay insurance proceeds over to a mortgagor who is in default, but plaintiffs were not in default.

*munications v WTZA-TV Assoc. Ltd. Partnership*, 229 AD2d at 645).

We reject defendant's contention that, even if its conduct constituted a breach of contract, dismissal is proper because its conduct did not proximately cause plaintiffs' damages. Plaintiffs' submissions establish the existence of issues of fact as to whether defendant's imposition of the debt-reduction requirement caused delays in repairs to the farm buildings that exposed their livestock and facilities to damage during the harsh winter that followed the fire. Accordingly, Supreme Court properly refused to grant summary judgment dismissing plaintiffs' breach of contract claim.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing the cause of action alleging violation of Real Property Law § 254; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.