JOSEPH P. CARRARA & SONS, INC., Appellant, v A.R. MACK CONSTRUCTION COMPANY, INC., Respondent. [931 NYS2d 813]—

Mercure, J.P.

In May 2008, plaintiff, a subcontractor, entered into a purchase order agreement with defendant, a contractor, whereby plaintiff agreed to provide concrete to a construction site located in the Town of Ticonderoga, Essex County. The agreement did not specify delivery dates, but indicated that delivery would be as scheduled by the parties.

Plaintiff made deliveries from August through November 2008, at which point all that remained to be delivered was the concrete for the interior floor slab. Plaintiff's general manager, Paul Carrara, then informed defendant's representatives that, due to the colder weather, plaintiff could not deliver the remaining concrete on the five-day pour schedule that defendant sought. Although the parties agreed upon a nine-day pour sched-

---

ule commencing on December 1, 2008, another subcontractor's abandonment of the job site prevented the pouring from beginning on that day. Defendant then requested again that plaintiff agree to meet a five-day pour schedule once pouring commenced. In response, Carrara sent defendant a December 2, 2008 letter proposing a six-day pour schedule and outlining the weather conditions that would be required in order to meet that schedule. The concluding paragraph of the letter required written acceptance of the terms by 3:00 P.M. that day or plaintiff would "begin immediately shutting our New York operation down for the winter." Defendant did not reply, but instead retained Cranesville Block Company, another concrete supplier.

Plaintiff commenced this action asserting causes of action in breach of contract, promissory estoppel, quantum meruit and account stated. During discovery, plaintiff moved to compel production of documents related to Cranesville's delivery of the concrete. Defendant opposed the motion and cross-moved for, among other things, summary judgment dismissing the complaint on the ground that plaintiff anticipatorily repudiated the contract. Supreme Court denied plaintiff's motion, granted defendant's cross motion, and dismissed the complaint. Plaintiff now appeals, arguing that questions of fact preclude summary judgment. We disagree.

A claim of anticipatory repudiation must be supported by evidence of an unqualified and clear refusal to perform with respect to the entire contract (*see Highbridge Dev. BR, LLC v Diamond Dev., LLC*, 67 AD3d 1112, 1115 [2009]; *O'Connor v Sleasman*, 37 AD3d 954, 956 [2007], *lv denied* 9 NY3d 806 [2007]). It is well established that such a refusal may take the form of an unequivocal statement of intent to perform only upon the satisfaction of extracontractual conditions (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 463 [1998]; *Fonda v First Pioneer Farm Credit, ACA*, 86 AD3d 693, 694-695 [2011]; *Highbridge Dev. BR, LLC v Diamond Dev., LLC*, 67 AD3d at 1115; *SPI Communications v WTZA-TV Assoc. Ltd. Partnership*, 229 AD2d 644, 645 [1996]).

Here, Carrara's December 2, 2008 letter to defendant stated that plaintiff would shut down its New York operation, which supplied the majority of concrete to defendant's construction site, unless defendant accepted its terms within a matter of hours. Plaintiff does not dispute the extracontractual nature of these terms or the vital nature of its New York operation to fulfilling its contractual obligations. Nor has plaintiff presented any evidence that would call into question its unequivocally-stated intent to immediately discontinue operations if defend-

ant did not agree to the unilaterally-proposed conditions. Finally, plaintiff has failed to demonstrate how documents relating to defendant's subsequent purchase of concrete from Cranesville are relevant to its claims or might raise a material question of fact. Under these circumstances, Supreme Court properly denied plaintiff's discovery motion and granted summary judgment in defendant's favor, dismissing plaintiff's breach of contract claim on the ground that plaintiff anticipatorily repudiated the purchase order agreement.*

With respect to plaintiff's claim for finance charges relative to defendant's late payment of an invoice, it is undisputed that finance charges were not provided for in the purchase order agreement. Furthermore, the agreement specifically stated that no additional terms proposed by plaintiff in any other document would be binding on defendant unless agreed to in writing. Inasmuch as plaintiff submitted no proof that defendant ever agreed to the imposition of finance charges, Supreme Court properly dismissed that cause of action as well.

Peters, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiff has not challenged the dismissal of its claims sounding in promissory estoppel and quantum meruit.